IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ECOPRODUCT SOLUTIONS, L.P.,     §
                                §
                                §
        Plaintiff,              §
                                §
v.                              §     CIVIL ACTION NO. H-06-3671
                                §
MMR CONSTRUCTORS, INC.,         §
                                §
        Defendant.              §

MEMORANDUM AND ORDER

Pending is Defendant MMR Constructors, Inc.'s Motion to Transfer Venue (Document No. 16). After carefully considering the motion, response, reply, and applicable law, the Court concludes that this case should be transferred to the Middle District of Louisiana, where related litigation is pending.

I.   Background

Plaintiff Ecoproduct Solutions, L.P. ("Plaintiff") developed a chemical processing plant ("the Plant") for Sygenta Crop Protection, Inc. ("Sygenta") to convert hydrochloric acid to calcium chloride at Sygenta's manufacturing plant in St. Gabriel, Louisiana. Plaintiff contracted with Defendant MMR Constructors, Inc. ("Defendant") to install the electrical systems in the Plant. Plaintiff alleges that, contrary to Defendant's contractual representations, Defendant failed to perform the work in a workmanlike manner, and as a result Plaintiff suffered damages for

which it sues in this case.  Defendant moves to transfer venue to
the United States District Court for the Middle District of
Louisiana pursuant to 28 U.S.C. § 1404(a).

## II.  Discussion

Section 1404(a) permits transfer of a civil action to another
proper venue "[f]or the convenience of parties and witnesses, [and]
in the interest of justice."  28 U.S.C. § 1404(a).  The purpose of
§ 1404(a) is "to prevent the waste of time, energy, and money and
to protect litigants, witnesses, and the public against unnecessary
inconvenience and expense."  State Street Capital Corp. v. Dente,
855 F. Supp. 192, 197 (S.D. Tex. 1994).  The transfer of an action
under § 1404 is "committed to the sound discretion of the
transferring [court]."  Jarvis Christian Coll. v. Exxon Corp., 845
F.2d 523, 528 (5th Cir. 1988).

The movant bears the burden of demonstrating a transfer of
venue is warranted.  Brown v. Petroleum Helicopters, Inc., 347 F.
Supp. 2d 370, 372 (S.D. Tex. 2004); see also Peteet v. Dow Chem.
Co., 868 F.2d 1428, 1436 (5th Cir. 1989).  A court should not
transfer a case "if the only practical effect is to shift
inconvenience from the moving party to the nonmoving party."
Goodman Co., L.P. v. A & H Supply, Inc., 396 F. Supp. 2d 766, 776
(S.D. Tex. 2005)) (Rosenthal, J.) (internal quotation marks
omitted).

The threshold issue under § 1404(a) is whether the plaintiff's claim could have been filed in the judicial district to which transfer is sought.  In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004).  Here, it is undisputed that this suit could have been filed properly in the Middle District of Louisiana.  *See* Document No. 16 at 6; Document No. 20 at 3.  Accordingly, it is appropriate to weigh the competing relevant factors to determine if the case should be transferred.

Whether to transfer a case under Section 1404(a) "turns on a number of private and public interest factors, none of which are given dispositive weight."  In re Volkswagen AG, 371 F.3d at 203. While a plaintiff's choice of forum is generally entitled to deference, it is "neither conclusive nor determinative," and can be outweighed by the private and public factors.  *See* In re Horseshoe Entm't, 337 F.3d 429, 434-35 (5th Cir. 2003).   "The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  In re Volkswagen AG, 371 F.3d at 203 (citing Piper Aircraft Co. v. Reyno, 102 S. Ct. 252, 258 n. 6 (1981)).   Another private factor that has been considered is the place of the alleged wrong.  *See* In re Horseshoe Entm't, 337 F.3d at 433.  "The public concerns include: (1) the

administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law."   In re Volkswagen, 371 at 203.   In essence, "[a] court may consider a wide range of circumstances in evaluating the facts involved in each case." Goodman, 396 F. Supp. 2d at 776.

A number of relevant factors weigh heavily in favor of transfer to Louisiana.  To begin with, at least two or three other contract cases arising out of this construction project are already pending in the Middle District of Louisiana, including one case previously transferred by this Court to the Middle District, EcoProducts Solutions, L.P. v. Cajun Constructors, Inc., No. 07-cv-0126 (M.D. La. 2007).   That case was filed here as EcoProducts, L.P. v. Cajun Constructors, Inc., No. 06-cv-3546 (S.D. Tex. Feb. 15, 2007)(Gilmore, J.), and Plaintiff alleged essentially the same causes of action against its general contractor Cajun Constructors that it alleges here against Defendant, for allegedly poor construction work at the Plant.  In addition, Defendant in this case sued Plaintiff in Louisiana for breach of the same contract at issue here and to enforce its lien under Louisiana law, and that case is now pending in the Middle District of Louisiana.

Although this was the first filed case, the totality of the circumstances warrants its transfer, as will be seen below.

Of significant importance in weighing the factors is where the alleged wrongs--the breach of contract--occurred.  The focal point is essentially all in Louisiana.  Plaintiff complains about Defendant's alleged poor workmanship at the Plant in St. Gabriel, Louisiana, a city in Iberville Parish, in the Middle District of Louisiana.  Defendant asserts without refutation that the contract negotiations took place in Baton Rouge, Louisiana, a city also in the Middle District of Louisiana.  Defendant's materials were supplied by a company located in Baton Rouge, Louisiana.  Id. Defendant sent invoices from and received payments for their work in Louisiana--Ascension Parish and Baton Rouge, respectively, both in the Middle District of Louisiana.  Moreover, change orders were negotiated in Iberville Parish, Louisiana.  Plaintiff and their agents oversaw Defendant's work while in Iberville Parish.

Plaintiff argues that the fact that Defendant sent its bid proposal via electronic mail to Houston, Texas, and that the work order issued from Houston supports the case being retained in this Court.  The acknowledged substance of the dispute, however, is Defendant's quality of workmanship in construction work performed by Defendant at the Plant in the Middle District of Louisiana, and the locale of the alleged breach of contract far outweighs the

incidental fact that the bid package was delivered to and the work order issued from Houston.

Not surprisingly, many key witnesses are residents of Louisiana.  "The relative convenience to the witnesses is often recognized as the most important factor under § 1404(a)." Spiegelberg v. Collegiate Licensing Co., 402 F. Supp. 2d 786, 790 (S.D. Tex. 2005).  "[I]t is the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and is accorded greater weight in a transfer of venue analysis."  State Street Capital Corp. v. Dente, 855 F. Supp. 192, 198 (S.D. Tex. 1994).  "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." LeBouef v. Gulf Operators, Inc., 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998).  As evidence of this factor, the moving party "must offer more than mere allegations that certain key witnesses are not available or are inconveniently located.  Instead, the movant must specifically identify the key witnesses and outline their testimony."  LeBouef, 20 F. Supp. 2d at 1060 (internal citation omitted).

Defendant has identified as key witnesses Ray Gibson, Mohammed Saleh, James Daigle, and Jason Clouatre, all of whom are residents of Louisiana.  Moreover, one of Plaintiff's witnesses, Mike Largey, resides in Louisiana.  Defendant also references other Louisiana contractors and non-party persons that may be called as witnesses

in the case.  Plaintiff lists seven other witnesses who reside in Houston, Texas, including some non-party witnesses.  Neither party has outlined the specific testimony expected from those described as key witnesses but a reasonable inference can be drawn that third party witnesses on the subject of Defendant's workmanship in construction of the Plant in Iberville Parish, Louisiana, are more likely to be residents of Louisiana than Texas.

The relative ease of access to sources of proof also weighs in favor of transfer.  "Typically, the accessibility and location of sources of proof should weigh only slightly in [a] Court's transfer analysis, particularly since these factors have been given decreasing emphasis due to advances in copying technology and information storage."  Mohamed v. Mazda Motor Corp., 90 F. Supp. 2d 757, 778 (E.D. Tex. 2000) (citing Arrow Elecs., Inc. v. Ducommun, Inc., 724 F. Supp. 264, 266 (S.D.N.Y. 1989)).  Defendant states that its documentary evidence is in its offices in Baton Rouge, Louisiana, and its invoices are in both Louisiana and Houston, Texas.  Plaintiff recognizes that both parties have integral books and records at their respective office locations.  Documents generated during the actual contract performance--that is, documentation of the work performed from day to day during construction--were in all likelihood generated in Louisiana on the job, and these should be available at Defendant's offices in Baton Rouge.

The possibility of expeditious resolution and avoidance of delay is a private factor that is considered only "in 'rare and special circumstances' and must be established by clear and convincing evidence." Spiegelberg, 402 F. Supp. 2d at 792 (quoting In re Horseshoe Entm't, 337 F.3d at 434).  Defendant asserts with some force that the transfer of this case will not result in wasteful delay.  With parallel litigation ongoing in the Middle District of Louisiana, in fact, greater efficiencies in pretrial discovery can be accomplished and, of no less importance, the avoidance of duplicative litigation will stanch the waste of judicial resources.[1]  This is a special circumstance that weighs in favor of transfer.

Although a plaintiff's choice of forum is generally entitled to deference, it is neither conclusive nor determinative, and receives less deference "where most of the operative facts occurred outside the district."  Minka, 2003 WL 21251684, at *1 (granting motion to transfer venue in patent infringement suit where nonresident plaintiff sued defendant in district where limited

---

[1] The Court deferred ruling on this motion in light of the parties' agreed settlement conference with Magistrate Judge Stacy. Defendant has now moved to reset the conference because of multiple discovery disputes and seeks to extend the discovery period and enlarge the date for filing further motions.  It is a waste of judicial resources for two federal courts to expend time and deliberation on the same case.  There should be one case in one venue, and the Middle District of Louisiana, where the construction occurred and where the other related cases are pending, appears best equipped efficiently to preside over this dispute.

sales activity occurred; plaintiff's choice of forum was entitled
to "diminished importance due to this district's lack of ties to
the dispute and to the parties").  As has been seen, the majority
of factors affecting this analysis weigh in favor of transfer, and
Plaintiff's choice of venue in Houston, under the circumstances,
weighs only slightly against transfer.

Not only do the foregoing private factors weigh in favor of
transfer, the public factors do as well.  Neither party has
identified material administrative difficulties flowing from court
congestion in either venue.  The existence of Defendant's suit
against Plaintiff pending on the same subject in the Middle
District of Louisiana, however, suggests the possibility of
consolidating the two cases and thereby achieving economy for all
parties and the courts.  This factor heavily favors transfer to the
Middle District of Louisiana.

Likewise, the Middle District of Louisiana appears to be the
local forum with greater natural interest in the case.  The
accusation is that a Louisiana corporation breached a contract
negotiated and performed entirely in Louisiana regarding the
construction of a Plant in Louisiana.  Although some communications
between the parties were sent to Houston, these create only an
attenuated relationship with the Southern District of Texas under
the total circumstances of this case.  The citizens of the Middle
District of Louisiana have a more significant interest in this case

than do citizens in the Southern District of Texas.   This factor

favors transfer.

The parties argue the effect of the contract's choice of law

clause, which is arguably violative of a Louisiana statute, and

whether that raises a conflict of law issue that militates in favor

of transfer.   The Fifth Circuit has stated:

> In diversity cases, a federal court must follow the
> choice of law rules of the forum state, here Texas.  The
> Supreme Court of Texas has recognized that contractual
> choice of law provisions should generally be enforced,
> but has also stated that "the parties' freedom to choose
> what jurisdiction's law will apply . . . [is not]
> unlimited.  They cannot require that their contract be
> governed by the law of a jurisdiction which has no
> relation whatever to them or their agreement.  And they
> cannot by agreement thwart or offend the public policy of
> the state the law of which ought otherwise to apply."

Int'l Interests, L.P. v. Hardy, 448 F.3d 303, 306-07 (5th Cir.

2006) (quoting DeSantis v. Wackenhut Corp., 793 S.W.2d 670, 677

(Tex. 1990)) (omissions in original) (internal citation omitted);

see also RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 187.

Section 29(e) of the purchase order contract provides that

Texas law governs all disputes arising out of this contract, except

those conflict laws that might result in the choice of another

forum's laws.   See Document No. 20, ex. C, §29(e).   Defendant

argues that the choice of law clause under the facts of this case

violates the declared public policy of Louisiana.   See LA. REV. STAT.

ANN. § 9.2779.   Section 9.2779 of the Louisiana Revised Statutes

Annotated states:

> [W]ith respect to construction contracts, subcontracts, and purchase orders for public and private works projects, when one of the parties is domiciled in Louisiana, and the work to be done and the equipment and materials to be supplied involve construction projects in this state, provisions in such agreements requiring disputes arising thereunder to be resolved in a forum outside of this state or requiring their interpretation to be governed by the laws of another jurisdiction are inequitable and against the public policy of this state.

Id.  It therefore appears that the Louisiana statute proscribes as

violative of public policy the choice of law provision contained in

this contract.   To say the least, a substantial conflict of laws

question is raised which, in and of itself, may be a neutral factor

on the question of transfer.   But because the public policy of the

State of Louisiana is at the heart of the statute, it seems

preferable that the issue be determined by a judge who is expert in

Louisiana law.

In fact, all of the claims at issue between Plaintiff and

Defendant are issues of state law (breach of contract, promissory

estoppel, and negligent misrepresentation).  As discussed above, it

appears likely that Louisiana law will apply to this case.   The

district court in the Middle District of Louisiana is expert in

Louisiana law, which often varies considerably from that of common

law states.  *Cf.* In re Whitaker Const. Co., Inc., 439 F.3d 212, 222

(5th Cir. 2006) (cautioning that when "interpreting a Louisiana

statute, [a] Court must be mindful of the state's hybrid civil/common law tradition"). Additionally, the action currently pending between the parties in Louisiana, with which this case may be consolidated, involves a lien filed under and governed by Louisiana law. *See* Document No. 16 at 14-15; LA. REV. STAT. ANN. § 9.4831 (requiring liens to be filed in the parish where the work it to be done); LA. REV. STAT. ANN. § 9.2779. (requiring that Louisiana law govern all disputes arising out of Louisiana construction contracts). Therefore, this factor very much supports transfer to the Middle District of Louisiana.

In sum, MMR Constructors has met its burden to show on balance that the relevant private and public factors and circumstances heavily favor transfer to the Middle District of Louisiana. This is not a case where the "the only practical effect is to shift inconvenience from the moving party to the nonmoving party." *See* Spiegelberg, 402 F. Supp. 2d at 789. Louisiana is the proper venue for this case--a forum that will better serve the interests of the parties, the witnesses, and the efficient administration of justice.

### III.   Order

It is therefore ORDERED that

Defendant MMR Constructors, Inc.'s Motion to Transfer Venue (Document No. 16) is GRANTED, and this case is TRANSFERRED to the

United States District Court for the Middle District of Louisiana,
pursuant to 28 U.S.C. § 1404(a).

The Clerk will mail a copy of this Order of Transfer to the
Clerk of the United States District Court for the Middle District
of Louisiana, and shall notify all parties and provide them with a
true copy of this Order.

The Clerk will enter this Order and send copies to all counsel
of record.

SIGNED at Houston, Texas on this 14th day of December, 2007.


_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE